IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Virginia Odum, | * | Case No. 1:07-cv-4170-MBS |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | COMPLAINT |
| | * | |
| Norfolk Southern Corporation. | * | |
| C/O C.T. Corporation System | * | JURY TRIAL DEMANDED |
| 75 Beattie Place | * | |
| Greenville, SC 29601 | * | |
| | * | |
| | * | |
| Defendant. | * | |

Plaintiff complains and alleges:

## JURISDICTION AND VENUE

1. Jurisdiction lies in this Court proper pursuant to 28 U.S.C. § 1332. Plaintiff Virginia Odum is a citizen and resident of Graniteville, Aiken County, South Carolina. Defendant Norfolk Southern Corporation (Norfolk Southern) is a foreign corporation headquartered in Norfolk, Virginia. The amount in controversy exceeds $75,000 exclusive of fees and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). Norfolk Southern owns, operates, and manages railroad tracks and trains in Graniteville, South Carolina, and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FIRST CAUSE OF ACTION
Negligence of Defendant

3. All averments set forth above are incorporated by reference.

4. On January 6, 2005, the Defendant, Norfolk Southern, through its agents and servants, was operating a freight train in and through the town of Graniteville, Aiken County, South Carolina. Among other items, the train was carrying chlorine in one or more of its cars. At the same time and place the Defendant, Norfolk Southern, through its agents and employees had "parked" a train on a side spur in the town of Graniteville at or near Avondale Mills.

5. Defendant was responsible for ensuring the railroad switch was returned to direct trains onto the mainline, not the spur. Defendant had a duty to ensure the switch was properly aligned so that trains could proceed safely. Defendant breached its duty, proximately causing permanent damage and injury to Plaintiff.

6. At approximately 2:30 am on the date aforesaid, the moving train collided with the standing train, causing the trains to derail.

7. As a result of the derailment, one or more of the cars on the train carrying chlorine ruptured and otherwise released some or all of its contents into the surrounding environment.

8. Chlorine, if not properly handled and contained, is hazardous to life, health, and property.

9. As a result of the derailment and the rupture of one or more of the tank cars chlorine entered the neighboring community in gaseous form. Plaintiff was in this community on the date and at the time of the derailment.

10. At the time and place above mentioned, the Defendant was negligent, reckless, willful, and wanton in one or more of the following particulars, to wit:

   a. In failing to operate the train in a safe manner;

   b. In failing to adequately inspect, repair, and maintain its equipment, including the locomotive cars, switches, and other mechanical devices;

   c. In failing to implement rules and procedures to prevent the collision of its train;

      d.     In failing to insure the safety of the local population, specifically the Plaintiff herein, in "dark signal" areas;

      e.     In failing to maintain proper control over the aforesaid train;

      f.     In failing to properly equip the said train with adequate and safe equipment, and if so, properly equipped, in failing to properly utilize the same; and

      g.     In failing to properly align the switch to properly reroute the moving train onto the mail track and not the spur.

11.    As a direct and proximate result of the Defendant's negligence, recklessness, willfulness and wantonness, the Plaintiff was exposed to the chlorine gas which escaped from the train. The Plaintiff suffered serious and permanent bodily injury, including but not limited to injury to her lungs; and has suffered damages, including but not limited to past and future: medical expenses; pain and suffering; psychological injuries; and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount in excess of $75,000, in addition to costs expended herein, plus $10 million punitive damages against Defendant, and for such other and further relief as the Court may deem just and proper.

                                                  Respectfully submitted,

                                                  /s/Stephen K. Surasky
                                                  Stephen K. Surasky
                                                  Attorney for Plaintiff
                                                  P.O. Box 1890
                                                  Langley, SC 29834
                                                  (803) 593-3912

-4-

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

                                      Respectfully submitted,

                                      /s/Stephen K. Surasky
                                      Stephen K. Surasky
                                      Attorney for Plaintiff